UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY J. DOUCETTE                  JURY TRIAL DEMANDED

v.                                    CASE NO.  3:09CV

SOLOMON AND SOLOMON, P.C.
JULIE SOLOMON

## COMPLAINT

1. This is an action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*

2. This Court has jurisdiction. 15 U.S.C. §1692k and 28 U.S.C. §1331.

3. Plaintiff is a natural person and a consumer within the FDCPA, who resides in Connecticut.

4. Each Defendant is a debt collector within the meaning of the FDCPA.

5. On October 31, 2008, defendants obtained a default judgment against plaintiff in Connecticut Superior Court, Docket Number CV-08-5008979S in the sum of $25,851, 68 plus $290.60 in costs, totaling $26,142.28.

6. The judgment was based on plaintiff's personal credit card account with Citibank (South Dakota) N.A.

7. Pursuant to Conn. Gen. Stat. §37-3a, interest is discretionary with the court.

8. In connection with obtaining the default judgment, defendants did not allege or prove any facts demonstrating that plaintiff had unlawfully detained money.

9. In connection with obtaining the default judgment, defendants had no evidence that plaintiff had wrongfully detained the money.

10. The court did not make any factual finding that plaintiff had wrongfully detained the

money.

      11. Defendants did not apply for post judgment interest.

      12. No court order entered allowing discretionary post judgment interest.

      13. Defendants obtained and served a bank execution based on the above default judgment.

      14. Defendants released the bank execution, but plaintiff's bank assessed $30 anyway.

      15. Plaintiff's bank also suspended his home equity line of credit due to the execution.

      16. Because the judgment exceeded the amount due, defendants modified the judgment in February, 2009, reducing the judgment to $25,101.68 plus costs, totaling $25,392.28, effective February 24, 2009.

      17. On January 28, 2009, defendants were put on notice of a case affecting their right to assess post judgment interest without an order permitting the imposition of interest, *Sosin v. Sosin*, 109 Conn. App. 691, 708 (Conn. App. 2008).

      18. Despite that notice, defendants continued to assess post judgment interest herein at the rate per diem of $6.95679.

      19. On August 17, 2009, defendants applied for a wage execution based on the original excessive judgment totaling $26,142.28. The execution was issued on August 25, 2009.

      20. When the wage execution was forwarded to the marshal for service, Defendants assessed post judgment interest of $2,159.40 on the judgment despite having no court order permitting the imposition of such interest. *Urich v. Fish,* 112 Conn. App. 837, 843-844, 965 A.2d 567 (2009).

      21. In the collection efforts as to plaintiff, defendants violated the FDCPA, *inter alia*, §1692d, -e, or –f.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, both compensatory and punitive, including $1,000 statutory damages against each defendant for each communication.

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

                        THE PLAINTIFF

                        BY__/s/ Joanne S. Faulkner___
                        JOANNE S. FAULKNER ct04137
                        123 AVON STREET
                        NEW HAVEN, CT 06511-2422
                        (203) 772-0395
                        faulknerlawoffice@snet.net